[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14676
Non-Argument Calendar

_____

D. C. Docket No. 05-00064-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 8, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Daniel Lopez appeals the 108-month prison sentence he received after a jury

convicted him for: (1) one count of conspiring to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II) & 846; and (2) one count of conspiring to possess with intent to distribute methylenedioxymethamphetamine (MDMA) (also known as "ecstasy") in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), & 846. Though the sentence falls at the low end of Lopez's uncontested advisory guidelines range of 108–135 months, he contends that the sentence was unreasonable in light of the considerable evidence he submitted showing his good character and dedication as a father, and also in light of the sentences imposed on other individuals who had been involved in the conspiracy.

On appeal, when "reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the [18 U.S.C.] § 3553(a) [sentencing] factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006) (citations omitted). As the party challenging the sentence, Lopez has the burden of establishing its unreasonableness. See id.

Lopez has not carried this burden. As the government points out, the other individuals involved in Lopez's drug conspiracy, unlike Lopez himself, each cooperated with the government, and are thus not "similarly situated" with Lopez for purposes of raising a disparity issue. Furthermore, Lopez has not convinced us

2

that the evidence of his character and fatherly devotion outweighs his criminal history and the seriousness of his offense, as well as, in the district court's words, "all the factors set forth in [§ 3553(a)], some of which we've discussed . . . but all of which have been considered." More importantly, he has not persuaded us that it was unreasonable for the district court to weigh all the factors and circumstances and reach the conclusion that it did.

**AFFIRMED.**